UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 3 2006

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

| | |
|---|---|
| WILLIAM A. FISHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 5:06-CV-024-C |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

### REPORT AND RECOMMENDATION

Plaintiff William A. Fisher seeks judicial review of a decision of the Commissioner of Social Security, denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

I.  **Facts**

Fisher previously worked as a floor hand on a drilling rig. (Tr. 127, 541.) On June 12, 2000, at the age of thirty-nine, he sustained multiple injuries to his face and skull when a pipe exploded on an oil rig and he was struck with a drill collar in the face and head. (Tr. 205, 230.) Fisher underwent a number of surgeries and a rehabilitation program that included neuropsychological and physical therapy but never resumed full-time work. (Tr. 13, 247-49, 319-33, 369, 501-15, 530.) He applied for DIB and SSI on October 3, 2003, alleging that his disability began on June 12, 2000. (Tr. 4, 12, 106-08.)

After a hearing at which Fisher, a medical expert, and a vocational expert testified, an Administrative Law Judge (ALJ) issued a decision denying award of benefits for Fisher's DIB and SSI applications. (Tr. 12-22, 516-46.) The ALJ determined that Fisher was disabled during a closed period beginning on June 12, 2000, and ending June 30, 2000. (Tr. 19-20.) However, he also determined that Fisher was not entitled to either DIB or SSI benefits for the period of disability because (1) the Social Security regulations specify that an application for DIB must be filed no later than twelve months after the date on which a period of disability ends, and Fisher filed his application for DIB more than twelve months after the period of his disability ended, and (2) the Social Security regulations specify that SSI benefits are not payable for periods before an application is filed and Fisher's disability ended prior to his filing an application for SSI. (Tr. 20.)

The ALJ further determined that beginning June 30, 2000, the date on which Fisher's disability ended, he retained the residual functional capacity to perform simple work activity that would not require working at heights or with dangerous moving machinery and that would require no more than superficial contact with the public. (Tr. 20-21.) Based on testimony from the vocational expert the ALJ determined that jobs existed in significant numbers in the national economy that Fisher could perform and that he was therefore not disabled. (Tr. 21.)

## II.     Issue Presented

Fisher seeks remand of his case for the consideration of new evidence which includes a residual functional capacity questionnaire completed by Luis E. Duarte, M.D., his treating physician, and a statement from his mother, Caroline Fisher. The Commissioner objects to Fisher's request arguing that Fisher has not shown that remand is justified.

### III. Discussion

A reviewing court may remand a case to the Commissioner for the consideration of additional evidence "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .." *Id.* Remand is not justified unless the plaintiff shows that (1) the evidence is new; (2) the evidence is material; and (3) good cause exists for the failure to incorporate the evidence into the record in a prior proceeding. *Bradley v. Bowen*, 809 F.3d 1054, 1058 (5th Cir. 1987).

The questionnaire from Dr. Duarte was completed August 10, 2006, and the statement from Mrs. Fisher was made on August 15, 2006. The evidence is therefore new and meets the first prong of the statutory prerequisite for remand because it was generated after the Commissioner's decision. *Pierre v. Sullivan*, 844 F.2d 799, 803 (5th Cir. 1989). Under the second prong of the statutory prerequisite the new evidence must be material which requires a showing that "'there exists a reasonable probability that it would have changed the outcome of the [Commissioner's] determination.'" *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Fisher argues that the questionnaire from Dr. Duarte is material because the record does not contain a residual functional capacity questionnaire from an examining physician. Fisher's argument is without merit. Although the record may not contain a questionnaire form on which an examining physician provided opinions in regard to Fisher's functional capabilities and limitations, there are a number of opinions regarding the same which were offered by examining physicians. (*See* Tr. 363-64, 386-88, 493-97.) These opinions, along with Fisher's testimony and the opinion of the testifying medical expert, provide substantial evidence to support the Commissioner's final decision, and there is no reasonable probability that consideration of the

questionnaire would have changed the decision. The questionnaire is therefore not material. *See Latham*, 36 F.3d at 483.

Fisher has not explained how the evidence from his mother is material, and the Commissioner does not address the issue. However, the court should find that the evidence is not material. Mrs. Fisher's statement concerns examination notes from G. Alan Trimble, M.D., and her observations of her son. She states that she was with Fisher during Dr. Trimble's examination and that there are several inaccuracies in his notes. She claims that Dr. Trimble incorrectly stated that Fisher was able to recall his Social Security number forward and backward and that when he asked Fisher about his activities of daily living her son looked at her and stated that she helped him with his finances. Mrs. Fisher states that her son cannot cook because "he forgets that he started to cook and leaves the pan on the stove and forgets to check on it," and that he needs her to help him with the paperwork related to his Social Security applications, and that she has helped him since his accident in 2000.    Although Dr. Trimble indicated in his notes that Fisher could recall his Social Security number forward and backward, the ALJ did not rely on this statement. (Tr. 17, 495.) Further, Dr. Trimble reported that Fisher did not cook, and the ALJ acknowledged this statement. (Tr. 17, 496.) Finally, Fisher indicated in other examinations and in his testimony that he cooked, drove, shopped, mowed lawns, handled his own finances, and helped his parents sell roasted corn. (Tr. 387, 522, 530.) Mrs. Fisher's statement is not material because it would not have changed the outcome of the Commissioner's determination. *Latham*, 36 F.3d at 483. Fisher has therefore failed to satisfy the second prong of the statutory prerequisite for remand.

Fisher has also failed to satisfy the third prong of the statutory prerequisite for remand because he has not demonstrated good cause for failing to submit the evidence before this time.

4

In the Fifth Circuit good cause is not established by virtue of the fact that the proffered evidence is new; rather, the plaintiff must offer an explanation as to why the evidence was not submitted earlier. *Geyen v. Sec'y of Health and Human Servs.*, 850 F.2d 263, 264 (5th Cir. 1988) (citing *Chaney*, 659 F.2d at 679 (the plaintiff bears the burden of showing good cause for his failure to submit the evidence in a prior proceeding)). In this case, Fisher has not offered an explanation as to why the evidence was not submitted earlier. Given that the new evidence could have been acquired at any time and in the absence of evidence as to why it was not acquired and submitted at an earlier date, the third prong of the statutory prerequisite in § 405(g) is not satisfied. *Pierre*, 884 F.2d at 804.

Because Fisher has not demonstrated that the new evidence is material and has not offered an explanation that would show good cause for failing to submit the evidence during the administrative proceedings, remand under sentence six of 42 U.S.C. § 405(g) is not justified; Fisher's request for remand must therefore be denied. *Bradley*, 809 F.2d at 1058.

## IV. **Recommendation**

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision, deny Fisher's request for remand for the consideration of new evidence, and dismiss his complaint with prejudice.

## V. **Right to Object**

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.

5

A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the

Dated: _____October 3_____ 2006.

                                                  NANCY M. KOENIG
                                                  United States Magistrate Judge